Civil Action No. 26-cv-1249 JAG

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

RAY LEONERDIRT DÍAZ-SANTIAGO,

Plaintiff,

v.

JOSE SÁNCHEZ-ACOSTA, in his individual capacity;

MANUEL CIDRE-MIRANDA, in his individual capacity;

Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## (42 U.S.C. § 1983)

I. JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, including the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201-2202.

4. Venue is proper in this District under 28 U.S.C. § 1391, as all events giving rise to this claim occurred in Puerto Rico.

II. NATURE OF THE ACTION

5.   This is a civil rights action seeking redress for independent constitutional violations committed by public officials acting under color of state law.

6.   This action does not seek to review, overturn, or invalidate any prior state court judgment.

7.   Instead, this action challenges independent unconstitutional conduct by Defendants, which caused direct, continuous, and ongoing harm to Plaintiff.

Plaintiff does not seek any contractual relief, enforcement of any agreement, or economic incentives from DDEC. This action is solely based on constitutional violations independent of any contractual relationship.

8.   Plaintiff specifically alleges present and ongoing constitutional violations resulting from Defendants' conduct.

9.   This action satisfies the pleading standards established *in Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly*, as Plaintiff alleges specific factual content demonstrating a plausible entitlement to relief.

In evaluating this Complaint, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of Plaintiff. Dismissal is inappropriate where the Complaint states a plausible claim for relief. At the pleading stage, Plaintiff is not required to prove his claims,

2

but only to allege sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. The allegations set forth herein meet and exceed that standard.

III. PARTIES

10.   Plaintiff is a resident of Puerto Rico and a private investor and entrepreneur.

11.   Defendant José Sánchez-Acosta is a public official and is sued in his individual capacity.

12.   Defendant Manuel Cidre-Miranda served as Secretary of the Puerto Rico Department of Economic Development and Commerce (DDEC) and is sued in his individual capacity.

13.   At all relevant times, Defendants acted under color of state law.

IV. FACTUAL ALLEGATIONS

A. INVESTMENT INDUCEMENT

14.   During the COVID-19 emergency period (approximately 2020-2021), Plaintiff was engaged in a film and economic development project.

15.   Through official communications and representations made by government officials associated with DDEC, Plaintiff was induced to invest substantial private resources.

16.   These representations conveyed that the project would be processed, supported, and honored within governmental programs.

B. OFFICIAL COMMUNICATIONS

17.   On or about October 28, 2020, Plaintiff received an official communication from a government representative, Pedro Piquer Henn, Executive Assistant.

18.   The communication stated:

"We are in the process of extending the agreements… please send us the original agreement… and the DDEC signing…"

19.   This communication confirmed an active governmental process and expectation of formal participation.

20.   Plaintiff reasonably relied on these official representations.

Plaintiff further alleges that the funds invested in the project were derived from Plaintiff's own private resources, and that Plaintiff exercised direct financial control over such expenditures, including personally issuing and authorizing payments related to the project. By virtue of this personal financial commitment and control, Plaintiff acted as the producer and executive producer of the investment at issue. The official communications referenced herein were directed specifically to Plaintiff in his individual capacity, as well as

4

to his personal legal counsel at the time, reinforcing the formal and individualized nature of such representations. In reasonable reliance upon these official communications, Plaintiff proceeded to authorize disbursements and commit substantial personal funds to the project. Documentary evidence, including bank records and cancelled checks reflecting such transactions, will be produced during discovery and will further demonstrate Plaintiff's direct financial involvement, the private nature of the investment at issue, and the reasonable reliance induced by Defendants' official conduct.

Plaintiff further alleges that the investment at issue was made during a period of national and local emergency, including the COVID-19 pandemic, when economic conditions were uncertain and government communications carried heightened significance. In this context, Defendants' official representations and ongoing engagement reasonably induced Plaintiff to proceed with and continue the investment, despite the prevailing risks. Acting in good faith and with a commitment to the economic development and recovery of Puerto Rico, Plaintiff continued to allocate substantial personal resources to sustain and advance the project in reliance on such governmental communications and expectations.

C. INVESTMENT AND PROTECTED PROPERTY INTEREST

21.  In reliance on these communications, Plaintiff:

- committed substantial financial resources

- structured his professional activity around the project

- incurred obligations and expenditures

22.  These investments constitute protected property interests under the Fourteenth Amendment, as recognized in Board of *Regents v. Roth.*  Plaintiff's interest was not a unilateral expectation, but a legitimate claim of entitlement arising from official governmental representations, an active administrative process, and Plaintiff's substantial reliance thereon. Such entitlement is protected under the Due Process Clause as recognized in Board of *Regents v. Roth and Perry v. Sindermann.*

D. ULTRA VIRES ACTIONS

23.  After Plaintiff relied on these representations, Defendants:

- refused to honor prior commitments

- deviated from established procedures

- failed to process the project as represented

24.  These actions were arbitrary, capricious, and outside lawful authority.

25.  Government officials acting outside the scope of their lawful authority may be held personally liable under 42 U.S.C. § 1983.

E. PATTERN OF CONDUCT AND PUBLIC RECORDS

26.    Plaintiff further alleges that Defendants' conduct is not isolated, but consistent with a broader pattern of administrative behavior within the Puerto Rico Department of Economic Development and Commerce (DDEC) involving inducement of private investment through official representations followed by arbitrary reversals or failures to act. After years of engaging in good-faith efforts with government programs, Plaintiff pursued judicial relief only after exhausting administrative avenues and encountering repeated irregularities.

27.    Plaintiff has formally requested production of the administrative record and internal communications pursuant to the Puerto Rico Transparency and Access to Public Information Act. The agency has requested extensions of time to produce such records, which are expected to demonstrate internal inconsistencies, delays, and deviations from established procedures in the handling of private investment projects.

28.    These records are directly relevant to demonstrate that government officials, acting under color of state law, induced reliance and financial commitment from private parties, only to later contradict or disregard those same representations without lawful justification or procedural safeguards.

7

*29.* Government officials cannot lawfully induce private investment through official acts and subsequently negate those inducements in an arbitrary manner. Such conduct violates clearly established due process protections recognized in *Board of Regents v. Roth* and *Perry v. Sindermann*.

30.   Plaintiff's investment was made in United States currency and tied to governmental incentive structures where each tax credit corresponds directly to real economic input, rendering the deprivation concrete, measurable, and constitutionally protected.

31.   The Court may consider these forthcoming public records, once produced, as additional evidence of ultra vires conduct by government officials acting beyond the authority granted to them by law.

F. LACK OF DUE PROCESS

32.   Defendants failed to provide:
- adequate notice
- opportunity to be heard
- procedural safeguards

33.   Plaintiff was deprived of property interests without due process of law.

Defendants' actions, undertaken outside the scope of lawful authority and without constitutionally adequate process,

8

constitute ultra vires conduct that is legally void and without binding effect. Government action taken in the absence of due process protections cannot give rise to lawful deprivation of protected property interests, and such conduct is not entitled to deference or protection under applicable doctrines of immunity.

## G. DISTINCTION FROM PRIOR PROCEEDINGS

34.  Plaintiff previously pursued relief in Puerto Rico courts without success.

35.  A prior federal case (Civil No. 24-1011) was dismissed after being construed as contractual enforcement.

36.  This action is fundamentally different.

37.  Plaintiff does not seek contract enforcement or review of prior judgments.

38.  Plaintiff challenges independent unconstitutional conduct by Defendants.

## H. CAUSATION

39.  As a direct and proximate result of Defendants' conduct:

- Plaintiff's project collapsed

- financial obligations became unsustainable

- income streams were lost

9

Defendants' actions directly disrupted Plaintiff's ability to complete the project, which in turn eliminated expected income streams and rendered Plaintiff unable to meet financial obligations, including mortgage responsibilities tied to his primary residence.

40.   This resulted in:

- loss of Plaintiff's primary residence
- destruction of financial stability
- loss of livelihood

Plaintiff further alleges that Defendants' course of conduct not only caused direct financial harm, but also dismantled and irreparably disrupted Plaintiff's broader entrepreneurial and personal development plan. Plaintiff relied in good faith on representations, communications, and actions by government officials, and made substantial private investments based on those representations. Such reliance was reasonable under the circumstances and gave rise to a legitimate claim of entitlement and protected property interest under the Due Process Clause, as recognized in *Perry v. Sindermann* and *Board of Regents v. Roth*. The subsequent reversal, inaction, and misleading conduct by Defendants constitutes a deprivation of those interests without due process of law, in violation of 42 U.S.C. § 1983.

10

Moreover, this pattern of conduct implicates well-established legal principles prohibiting government actors from inducing private reliance through misrepresentation or deceptive practices, only to later withdraw or contradict such positions to the detriment of the individual. Plaintiff's business model and projected operations significantly exceeded the limited monetary relief currently sought in this action. Plaintiff is prepared, if so required by the Court, to present the full structure, scope, and economic projections of such model, demonstrating that Defendants' actions disrupted a substantially larger enterprise. As a result, Defendants' conduct has caused continuing economic harm, loss of opportunity, and the destruction of long-term enterprise development.

41. These harms were foreseeable and directly caused by Defendants.

I. CONTINUING DAMAGES

42. Plaintiff continues to suffer:

- ongoing financial hardship

- inability to recover economically

- reputational damage

43. The harm remains active and ongoing.

44. The constitutional violations and resulting damages are continuing in nature, as Defendants' conduct constitutes an

ongoing pattern rather than a discrete act, and its harmful effects persist to the present. Plaintiff continues to suffer ongoing economic harm, loss of livelihood, and inability to recover financially as a direct and proximate result of Defendants' actions. Accordingly, under the continuing violation doctrine, the limitations period has not expired. Moreover, accrual did not begin until Plaintiff knew or reasonably should have known of the full extent of the injury, consistent with the discovery rule. In addition, the applicable limitations period was equitably tolled due to Defendants' failure to provide constitutionally adequate notice, ongoing concealment of material facts, and Plaintiff's reasonable reliance on official government communications.

V. CLAIM FOR RELIEF

 (42 U.S.C. § 1983 – DUE PROCESS)

45.  Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

Each Defendant was personally involved in the conduct described herein, either through direct participation, decision-making authority, or deliberate failure to act within their official responsibilities.

46.  Defendants acted under color of state law.

47. Defendants deprived Plaintiff of protected property interests without due process.

48. Defendants' conduct was arbitrary, capricious, and ultra vires.

The constitutional rights violated by Defendants were clearly established at the time of the conduct. Any reasonable public official would have known that inducing private investment through official representations, and then arbitrarily disregarding such representations without due process, would result in unlawful deprivation of protected property interests. No reasonable public official in Defendants' position could have believed that inducing substantial private financial reliance through official governmental representations, and thereafter arbitrarily disregarding such inducements without providing notice, an opportunity to be heard, or any procedural safeguards, was lawful. The prohibition against deprivation of protected property interests without due process was clearly established at all relevant times.

49. Defendants acted with deliberate indifference or reckless disregard for Plaintiff's rights.

50. Plaintiff suffered substantial damages as a direct result.

VI. DAMAGES

13

51.  Plaintiff suffered:

- loss of residence

- loss of income

- financial destruction

- loss of business opportunities

- reputational harm

52.  These damages are ongoing, measurable, and substantial.

53.  Plaintiff has suffered economic damages in an amount to be determined at trial, but believed to exceed $5,000,000, including but not limited to lost investment, lost income, loss of business opportunities, and consequential financial losses directly attributable to Defendants' conduct.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Compensatory damages in an amount to be determined at trial, but believed to exceed $5,000,000;

B. Punitive damages against Defendants in their individual capacities;

C. Declaratory relief;

D. Injunctive relief to the extent permitted by law;

E. Costs and fees pursuant to 42 U.S.C. § 1988;

F. Any other relief deemed just and proper.

VIII. JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

Ray Leonerdirt Díaz-Santiago
Pro Se
Calle Lago Guayo DS-10, 5ta Sección
Levittown, Toa Baja, Puerto Rico
00949
Tel: 787-903-9991
Email: motivarteinc@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28 day of April, 2026, I filed the foregoing Complaint with the Clerk of the United States District Court for the District of Puerto Rico.

I further certify that Defendants José Sánchez-Acosta and Manuel Cidre-Miranda, both sued in their individual capacities, will be served with a copy of the Summons and Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure at the following location:

Department of Economic Development and Commerce (DDEC)
Centro Gubernamental Minillas
Parada 22, Avenida Ponce de León
San Juan, Puerto Rico 00917

Ray Leonerdirt Díaz-Santiago
Pro Se

15